Dear Ms. Lyles:
Your request for an attorney general opinion has been assigned to me for response. You state that the Louisiana Department of Transportation and Development, hereinafter referred to as DOTD, has had disagreements with Louisiana Power and Light, hereinafter referred to as LPL, concerning providing power to new or repaired traffic signals. LPL has, at times, required an application and permit prior to providing power in such situations. DOTD has taken the position that an application and permit are not required. It should be noted that this opinion will address state highways only.
Your opinion request has drawn the attention of this office to Ops. Atty. Gen. January 13, 1971 and 89-206. Both opinions generally opine that state law controls the construction of state buildings, not municipal or parish building codes. In 1991, the state enacted the State Uniform Construction Code to, in part, encourage uniformity of construction consistent with nationally recognized standards. LSA-R.S. 40:1725 et seq. However, this code addresses the construction of buildings and no statute, code, rule or regulation can be found that specifically addresses the issue raised in this opinion.
DOTD has the general duty "to study, administer, construct, improve, maintain, repair and regulate" traffic signs and signals on state highways. LSA-R.S. 48:21; cf. also LSA-R.S.32:231 et seq. Pursuant to this general duty, courts have imposed liability upon DOTD for negligent maintenance or repair of traffic signs and traffic signals. Jones v. Johnson,572 So.2d 150 (La.App. 1st Cir. 1990); Kelson v. Buckley, 429 So.2d 477
(La.App. 5th Cir. 1983); Bourgeois v. State, 255 So.2d 861
(La.App. 4th Cir. 1971). Courts have required that the State through DOTD repair defective traffic signals within a reasonable time after being notified of the defect. Kelson, supra; Bourgeois, supra. While no cases can be found on point, in the absence of a specific time constraint imposed by statute or regulation LPL would have a reasonable time to provide power to a defective traffic signal after request. Where the possibility of a traffic accident and resultant injury or death exists, the time period that is "reasonable" is not very long. In the case of providing power to a new light, a reasonable time may be a bit longer, in the absence of facts that would indicate the existence of any particularly dangerous situation, e.g. prior accidents at the previously unsigned intersection, etc. What is a "reasonable" period of time will differ with the facts and circumstances of each situation. LPL's imposition of a blanket requirement that DOTD fill out an application and obtain a permit after being requested to provide power to a traffic signal would lead to an unreasonable delay in some situations. However, no law or regulation can be found specifically exempting DOTD from such requirements in all situations. I understand that Senate Bill No. 618, a copy of which is attached, was introduced in the 1992 legislative session and, if passed, would provide such authority.
In sum, the imposition of a blanket requirement that DOTD fill out an application and obtain a permit would lead to an unreasonable delay in some situations, though no law or regulation can be found that specifically exempts DOTD from such requirements in all situations.
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: JAMES C. HRDLICKA Assistant Attorney General
RPI/JCH:vrr